## Gaines, County Surveyor v. Weissinger, County Judge, et al.

(Decided September 28, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Surveyor of County—Fiscal Court May Employ Civil Engineer in Place of.—Under section 4672a of the Kentucky Statutes, the right to perform certain services belongs to the office of the county surveyor, but the fiscal court may in the exercise of a sound discretion employ another surveyor or a civil engineer to perform these services.

W. O. HARRIS, FRANKLIN CHAPPELL and BOLDRICK & GOCKE for appellant.

ROBERT PAGE, A. SCOTT BULLITT, County Attorney, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant is the surveyor of Jefferson County. In October, 1910, the fiscal court of Jefferson County employed Merritt Drane, a civil engineer, for one year beginning January 1st, 1911, "to draw plans, specifications and furnish estimates of the cost of all road and bridge work, to furnish partial and final estimates of work done, and do such other engineering work as the court may direct." The appellant, insisting that this order of the fiscal court deprived him of his powers, duties and emoluments that under his office of surveyor he was entitled to exercise and enjoy, brought this suit against the fiscal court and Drane, asking that the court be enjoined from interfering with him in the surveying, locating and superintending the construction of roads in the county, and that Drane be enjoined from interfering with him in the performance of the duties incident to such service as well as from performing any of the duties imposed upon him by the order of court. The lower court sustained a general demurrer to the petition, and Gaines appeals.

In chapter 105 of the Kentucky Statutes relating to surveyors, it is provided in section 4672a that:

"Any business in the surveying and civil engineering profession, the courts can order him to do, and fine him if he fails to comply with the court's order, must be considered as belonging to the office of county surveyor, unless by order of court, another surveyor is named and appointed, such as the processioning of land, the locating of lost corners and dividing lines, the survey and division of an estate, land being sold by order of court, the surveying, locating, and superintending the construction of roads, canals, levies and ditches that are builded by taxation." *   *   *

And in the same section it is further provided that:

"A court, in considering the application of the appointment of another surveyor for a special work, must give the benefit of any doubt or preference to the county surveyor."

We think this statute clearly confers upon the fiscal court the authority to appoint and employ a surveyor other than the county surveyor to render any service that the county surveyor might be called on to perform. The employment of such surveyor is left to the sound discretion of the court; and, unless it should clearly appear—as it does not in this case—that the court abused its discretion, we will not interfere with its action. Kennedy v. Kenton County, 28 Ky. Law Rep., 927.

It is said, however, that the fiscal court has not appointed another surveyor, as it was empowered to do by the statute, supra, but that it has employed a civil engineer, and is undertaking by the order and contract of employment to give to him duties and compensation that belong as a matter of law to the county surveyor, thereby in effect creating a new office. It is true that the order of court provides for the employment of a competent civil engineer, and that Drane was employed because he was a competent civil engineer; but, the mere fact that Drane is a civil engineer and is so designated in the order of court can not be allowed to affect the right of the court to employ him. As the court is authorized to employ a surveyor to superintend the construction of roads and bridges thereon, it would be frivolous to say that although it might employ a surveyor to do this work it could not employ a competent civil engineer to do it. Evidently the purpose of the Legislature was to permit

the court when in its judgment the county surveyor was not suitable, available or competent to do any specific work to employ some other person who was competent; and it is a matter of no consequence whether the person so employed is called a surveyor or civil engineer. It is not the particular profession he belongs to or the title of his office, but his ability to do the particular work desired that is to be considered.

The judgment of the lower court is affirmed.